# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERLA A. HERNANDEZ,

    Plaintiff,

vs.

BANK OF AMERICA, N.A., *et al.*,

    Defendants.

Case No. 2:16-cv-02414-KJD-GWF

**ORDER**

This matter is before the Court on Defendant Bank of America's ("BANA") Motion to Stay Discovery Pending a Ruling on Defendant's Motion to Dismiss (ECF. 45), filed on January 13, 2017. Plaintiff did not file an opposition to this motion and the time for opposition has now expired.

## BACKGROUND

Plaintiff filed the instant action on October 17, 2016. *Complaint* (ECF No. 3). The Complaint asserts causes of action for "Trespass" and "Trespass on the Case." *Id.* These causes of action are based on Plaintiff's assertions that Defendants wrongfully evicted her and that Defendant Bank of America did not have authority to foreclose on the subject property. Defendant BANA filed a Motion to Dismiss (ECF No. 23) on November 21, 2016.[1] Plaintiff filed a Response (ECF No. 33) on December 1, 2016. Defendant BANA's Motion to Dismiss requests that the Court dismiss Plaintiff's Complaint on the grounds that the Court lacks subject matter jurisdiction to hear Plaintiff's claims, that collateral estoppel bars Plaintiff's claims, and that Plaintiff's complaint fails to state a claim upon which relief may be granted. Because Defendant's Motion to Dismiss is potentially dispositive of the entire case, Defendant argues that discovery in this matter should be stayed pending

---

[1] Defendant Clark County filed a Motion to Dismiss (ECF No. 14) on November 14, 2016. Defendant Stonecrest Acquisitions, LLC also filed a Motion to Dismiss (ECF No. 16) on November 14, 2016. Defendant State of Nevada filed a Motion to Dismiss (ECF No. 28) on December 1, 2016.

the resolution of its motion.  This stay would relieve the parties of incurring the potentially unnecessary expenses of discovery should the District Court grant the Motion to Dismiss.

## DISCUSSION

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  *See Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995).  Ordinarily, a dispositive motion does not warrant a stay of discovery.  *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).  *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  The moving party carries the heavy burden of making a strong showing of why discovery should be denied.  *Kor Media Group, LLC v. Green*, 294 F .R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery.  *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988).  When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. P. 1 that ensures a "just, speedy, and inexpensive determination of every action."  *Kor Media Group*, 294 F.R.D. at 581.  It is well known that the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery.  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).   To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion.  *Turner Broadcasting System*, 175 F.R.D. at 556.

The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief."  *Kor Media Group*, 294 F.R.D. at 581.  Common examples of when a stay is warranted are cases involving jurisdiction, venue, or immunity as preliminary issues.  *Twin City Fire Ins. Co.*, 124 F.R.D. at 653.  Furthermore, a stay of discovery might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value.  4 J. Moore, *Federal Practice* § 26.70[2], at 461.

Having reviewed Plaintiff's Complaint and the briefs on the motion to dismiss, the Court finds that a stay of discovery is appropriate here.  Defendant BANA's primary argument in its motion

1  to dismiss is that this Court lacks subject matter jurisdiction over Plaintiff's claims.  Based on the
2  Court's "preliminary peak," this argument is well taken and appears to be meritorious.  Discovery
3  would therefore serve no purpose until the District Court has determined whether the Court has
4  subject matter jurisdiction over this case.  Accordingly,

5      **IT IS HEREBY ORDERED** that Defendant Bank of America's Motion to Stay Discovery
6  Pending a Ruling on Defendant's Motion to Dismiss (ECF. 45) is **granted**.

7      DATED this 2nd day of February, 2017.

                                                    _____
                                                    GEORGE FOLEY, JR.
                                                    United States Magistrate Judge